UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

United States of America,

        Plaintiff,

v.                                              **ORDER**
                                                   Criminal File No. 05-141 (MJD/AJB)

Peter Hinojos Madrid,

        Defendant.

_____

This matter is before the Court on Defendant Peter Hinojos Madrid's ("Defendant") application to proceed *in forma pauperis* ("IFP") on appeal. [Docket No. 34, 36]. Following a plea of guilty, Defendant was convicted of possession with intent to distribute in excess of 50 grams of methamphetamine. [Docket No. 32]. Defendant has requested that his counsel appeal his sentence, but that he is without financial ability to pay his counsel to do so. [Docket No. 34]. For the following reasons, the Court grants Defendant's application to proceed IFP, and finds that he is eligible for appointment of counsel on appeal

To qualify for IFP status on appeal, a party must submit financial information demonstrating that he or she is indigent. See 28 U.S.C. § 1915(a)(1). In this case, Defendant has submitted an affidavit which indicates that: 1) prior to incarceration he was a self-employed carpet layer and was last paid $300 for approximately two-weeks of work; 2) in the past six months he received total deposits into his prison

trust account of $175.00 with an average daily balance of $28.75; and 3) he most recently had a balance of $90.00.  [Docket No. 36].  His affidavit shows that defendant is not currently employed, has no current source of income, and has minimal assets that could be used to pay the $255 filing fee for his appeal.  Based on the representations in Defendant's affidavit, the Court finds that he is financially eligible for IFP status on appeal.

In addition to determining whether an appellant is indigent, the Court must also consider whether he brings his appeal in "good faith."  28 U.S.C. § 1915(a)(3). Good faith is judged by an objective standard and not by the subjective beliefs of the appellant. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).  The court must determine whether the claims to  be decided on appeal are factually or legally frivolous.  Id.  A claim is frivolous  if "it lacks an arguable basis either in law or in fact."   Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In his notice of appeal, defendant asserts that he will be challenging sentence in this matter.  [Docket No. 33].  The Court is confident that defendant was properly sentenced, but defendant's case does not fall within the Supreme Court's definition of frivolous.  The Court thus finds that defendant's appeal is taken in "good faith" for purposes of 28 U.S.C. § 1915(a)(3), and his motion to proceed IFP will be granted.

Defendant also requests the appointment of counsel  to assist in the preparation of the appeal.  Because Defendant has been found to be indigent, and his application to proceed

IFP on appeal is being granted, he is eligible for appointment of counsel to represent him on appeal at the Government's expense.  The Court notes, however, that the actual appointment of counsel on appeal is a matter that is customarily handled by the Court of Appeals.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Application to Proceed *in forma pauperis* [Docket No. 34, 36] is **GRANTED**.

Dated: March 16, 2006

                                          s / Michael J. Davis
                                          Michael J. Davis
                                          United States District Court Judge